IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

SCOOTER OUTLET INC

     Debtor(s)

NOREEN WISCOVITCH RENTAS, as
Trustee for the Estate of SCOOTER
OURLET, INC.

     Plaintiff

VITO MOTORS, INC.

     Defendant(s)

CASE NO. 06-02932 BKT

CHAPTER 7

ADVERSARY NO. 08-00127

FILED & ENTERED ON 09/10/2010

## DECISION AND ORDER

This proceeding is before the Court upon Defendant Vito Motors, Inc.'s motion for summary judgment [Dkt. No. 40 & 41], the Chapter 7 Trustee's opposition to summary judgment [Dkt. No. 39 & 42], and the Defendant's Sur Reply {Dkt. No. 44]. For the reasons set forth below, the Defendant's motion for summary judgment [Dkt. No 40] is DENIED.

## I.FACTUAL BACKGROUND:

On August 22, 2008, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On December 12, 2008, the Trustee filed the instant adversary proceeding alleging that the Debtor transferred four (4) motorcycles to the Defendant in violation of sections 547(b), 548, 549, and/or 550 of the Bankruptcy Code. On August 16, 2010, the Defendant moved for partial summary judgment. The matter is submitted [Dkt. No's. 39, 40, 41, 42 and 44 ].

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States

1

Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**II. SUMMARY JUDGMENT STANDARD:**

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).  As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party.  In re Rijos, 263 B.R. at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id.

**III. LEGAL ANALYSIS AND DISCUSSION:**

The Trustee's complaint alleges that the Debtor transferred four motorcycles to the

2

Defendant in satisfaction of an antecedent debt, and that this transfer was thus either preferential or fraudulent in violation of section 547(b) or 548 of the Bankruptcy Code.  The Defendant alleges that the Debtor never held legal title to these motorcycles, and that the transfer was a lawful return of goods held on consignment.  The Trustee contends that, if the motorcycles actually were being held on consignment, the consignment agreement should have been filed in compliance with 19 L.P.R.A. §§2001-2207 (the "Negotiable Instruments Statute" or "NIS") to avoid attachment by creditors of the consignee (the Debtor).  The Defendant counters that the Debtor was generally known to his creditors to be substantially engaged in selling the goods of others, and thus exempt from the filing requirement under the NIS pursuant to 19 L.P.R.A. §2014(1).

The Trustee maintains that the consignment agreement between the Debtor and the Defendant was not exempt from the filing requirement of the NIS pursuant to 19 L.P.R.A. §2014(4), providing that a consignor's interest in consigned property is subordinate to the interest of a lien creditor (such as a Chapter 7 trustee) of the consignee when the consignment agreement was not properly filed.  However, this section only applies when "the requirements of the preceding subsection have not been met."  Id.  This section is thus explicitly contingent on the preceding section, 19 L.P.R.A. §2014(3), which states that the subordination contemplated by section 2014(4) only applies to consignors "who would be required to file under [the NIS]."  Id.  As noted by the Defendant, a consignee who is generally known by his creditors to be substantially engaged in selling the goods of others is exempt from the filing requirements of the NIS.  19 L.P.R.A. §2014(1).  Thus, summary judgment cannot be granted unless and until the Defendant establishes that this exception applies, or the Trustee establishes that it does not, by way of admissible evidence.

Having found that the issue of whether the Debtor was generally known by his creditors to be

3

substantially engaged in selling the goods of others to be a material fact in dispute, this Court determines that the Defendant has not met the burden for summary judgment. A separate order setting this matter for an evidentiary hearing will be entered accordingly.

WHEREFORE, IT IS ORDERED that the Debtors' motion for summary judgment shall be, and it hereby GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 10 day of September, 2010.

Brian K. Tester
U.S. Bankruptcy Judge

4